GORDON I. WAID,                                      )
                                                     )
      Plaintiff,                             )
                                                     )
v.                                                   )     No. 4:24-CV-00078-DCLC-MJD
                                                     )
COMMISSIONER OF SOCIAL SECURITY,                     )
                                                     )
      Defendant.                             )

## MEMORANDUM OPINION AND ORDER

Plaintiff Gordon I. Waid brought this action under 42 U.S.C. §§ 405(g) and 1383(c), seeking judicial review of the Commissioner of Social Security's final decision denying his application for disability insurance benefits and supplemental security income. United States Magistrate Judge Michael J. Dimitru prepared and filed a Report and Recommendation [Doc. 20], in which he recommends the Court affirm the Commissioner's decision. Mr. Waid has timely objected to Magistrate Judge Dimitru's report and recommendation. The Commissioner has not responded to his objections. For the reasons herein, the Court will **OVERRULE** Mr. Waid's objections.

## I. BACKGROUND

Mr. Waid does not object to Magistrate Judge Dimitru's summary of the underlying administrative proceedings, the case's factual background and evidence, or the administrative law judge's ("ALJ") findings. The Court therefore adopts these portions of his report and recommendation as if fully set forth herein. Of particular importance to Mr. Waid's objections is the opinion of Dr. Jerry N. Campell, Jr., a licensed clinical psychologist who performed a consultative examination on Mr. Waid and who opined that he suffers from "mild to moderate

impairment in his ability to sustain concentration." [R. & R. at 15]. The ALJ found this opinion to be "persuasive." [*Id.*]. Of further importance is the Psychiatric Review Technique, based on which the ALJ also found that Mr. Waid suffers from moderate limitations in concentration, persistence, and pace. [Tr., Doc. 7, at 75].

## II. LEGAL STANDARD

When reviewing a magistrate judge's recommendation on a dispositive issue, the Court conducts a de novo review of that recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ P. 72(b)(3). In conducting a de novo review, the Court determines—as did Magistrate Judge Dimitru—whether the ALJ's decision was supported by substantial evidence, *see* 42 U.S.C. § 405(g), but the Court "give[s] fresh consideration" to the issues before it and reaches "the ultimate determination of the matter" through the exercise of its own judicial discretion, *United States v. Raddatz*, 447 U.S. 667, 675–76 (1980) (quotation omitted). After its review, it "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III. ANALYSIS

In ascertaining whether a plaintiff suffers from a disability that renders him unable to engage in any substantial gainful activity, 42 U.S.C. § 423(d)(1)(A), an ALJ must determine, among other things, whether the plaintiff has physical or mental impairments that prevent him from "making an adjustment to any other work," 20 C.F.R. § 416.920(g). And to make this determination, the ALJ will often rely on a vocational expert's testimony at the administrative hearing and will commonly pose hypothetical questions to the vocational expert "based on the limitations and abilities of the claimant." *Potter v. Comm'r of Soc. Sec.*, 223 F. App'x 458, 462 (6th Cir. 2007) (citing *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 630 (6th Cir. 2004)). For

example, the ALJ might describe a hypothetical person with a specific age, education, and work experience and with certain functional limitations, and based on this description, he will ask the vocational expert to opine whether jobs exist for someone who fits this profile. *Id.*

With the answer to this hypothetical question, the ALJ can then go on to "assess[] the availability of 'other work' that the claimant can perform." *Id.* (quotation omitted). But, importantly, "[a]n improper hypothetical cannot serve as substantial evidence." *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 436 (6th Cir. 2014). So when the ALJ relies on the vocational expert's testimony "to show the existence of a substantial number of jobs other than past work that the claimant can perform, the testimony must have been given in response to a hypothetical question that *accurately portrays* the claimant's physical and mental impairments." *Id.* (citing *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 513, 516 (6th Cir. 2010)).

Mr. Waid argues that the ALJ posed "an incomplete hypothetical that failed to account for [his] moderate limitations in concentration, persistence, and pace" and that his hypothetical was therefore improper. [Pl.'s Objs. at 1]. Magistrate Judge Dimitru, however, rejected this argument, finding that the hypothetical was not improper because Mr. Waid had failed to cite any record evidence of "specific, concrete limitations" on his ability to maintain concentration, persistence, or pace while performing simple, unskilled work. [R. & R. at 15]; *see Kepke v. Comm'r of Soc. Sec.*, 636 F. App'x 625, 635 (6th Cir. 2016) ("[The plaintiff], however, has not cited to any evidence in the record that provides for specific, concrete limitations on her ability to maintain concentration, persistence or pace while doing simple, unskilled work." (citing *Smith-Johnson*, 579 F. App'x at 436–37)). Now, in objecting to Magistrate Judge Dimitru's finding, Mr. Waid insists that he "*has* cited to medical evidence in the record that provides for

3

[these] specific, concrete limitations," and he cites, only generally, Dr. Campbell's opinion and the Psychiatric Review Technique. [Pl.'s Objs. at 2].

In reviewing the citations that Mr. Waid provides to these two sources, the Court, like Magistrate Judge Dimitru, finds only references to moderate limitations and no evidence of specific and concrete limitations. *See* [R. & R. at 15 ("Plaintiff does not cite to anywhere in the CE report where Dr. Campbell assessed 'specific, concrete limitations' on Plaintiff's ability to maintain concentration[.]")]. To be specific and concrete, Dr. Campbell's opinion and the Psychiatric Review Technique needed to consist of more than just the general assertion that Mr. Waid has moderate limitations in concentration, persistence, and pace. *See Kepke*, 636 F. App'x at 635 (recognizing that an example of a "specific, concrete" limitation is a doctor's limitation of a plaintiff to "[1] simple repetitive tasks [2] for two-hour segments [3] over an eight-hour day [4] where speed was not critical" (quoting *Ealy*, 594 F.3d at 516–17 (alterations and internal quotation marks omitted)). Because the evidence of his moderate limitations in Dr. Campbell's opinion and the Psychiatric Review Technique is not specific and concrete evidence, the ALJ did not err by omitting it from his hypothetical question, and Mr. Waid's objection is **OVERRULED**. *See Smith-Johnson*, 579 F. App'x at 436–37 (concluding that the ALJ's hypothetical question, from which the ALJ omitted a consultant's conclusion that the plaintiff is "moderately limited" in her ability maintain concentration, was not an inaccurate portrayal of the plaintiff's impairments).

Next, Mr. Waid faults Magistrate Judge Dimitru for a single sentence that appears in his report and recommendation: "Perhaps the ALJ," he wrote, "did not explicitly state in the decision that he was declining to assess additional mental functional limitations based on Plaintiff's moderate CPP limitations, but such an explicit statement is not required." [R. & R. at

4

17]. According to Mr. Waid, this one sentence constitutes legal error because it shows that Magistrate Judge Dimitru "has scoured this record to find support when the [sic] it was not provided by the ALJ." [Pl.'s Objs. at 4]; *see Karger v. Comm'r of Soc. Sec.*, 414 F. App'x 739, 754 (6th Cir. 2011) (noting it is not the court's "role, to scour the record for evidence and expert reasoning which the ALJ *might* have relied on and which *could* support a finding of no-disability *if* the ALJ actually considered it."). This one sentence, which Mr. Waid asks the Court to view in a vacuum, provides the Court with no basis to conclude that Magistrate Judge Dimitru upheld the ALJ's actions on grounds that the ALJ himself did not articulate. Magistrate Judge Dimitru's analysis of the administrative record was meticulous, and he supported all of his factual findings with ample citations to that record and all of his legal conclusions with ample citations to case law. Mr. Waid's objection is therefore **OVERRULED**.

## IV. CONCLUSION

Having carefully reviewed the record, the Court fully agrees with Magistrate Judge Dimitru's recommendation, and the Court therefore **ACCEPTS IN WHOLE** the report and recommendation. For the reasons in the report and recommendation, which the Court adopts and incorporates into this Memorandum Opinion and Order, and for the reasons that the Court has identified under a de novo review, it is **ORDERED** that Mr. Waid's objections [Doc. 21] are **OVERRULED**, Mr. Waid's Motion for Judgment on the Administrative Record [Doc. 13] is **DENIED**, and the Commissioner's request for the affirmance of his final decision denying benefits [Doc. 17] is **GRANTED**. The Court will enter a separate judgment order.

**SO ORDERED:**

s/Clifton L. Corker
United States District Judge

5